# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| GLENDA Y. CHAPPELLE | ) | |
| a/k/a GLENDA YVONNE CHAPPELLE, | ) | |
| Debtor | ) | CASE NO. 19-14463-amc |
| ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~ | ) | |
| CAPITAL ONE AUTO FINANCE, | ) | |
| A DIVISION OF CAPITAL ONE, N.A. | ) | **HEARING DATE**: |
| Movant | ) | Tuesday, March 17, 2020 |
| | ) | 11:00 a.m. |
| vs. | ) | |
| GLENDA Y. CHAPPELLE, | ) | **LOCATION**: |
| a/k/a GLENDA YVONNE CHAPPELLE, | ) | U.S. Bankruptcy Court |
| | ) | Eastern District of Pennsylvania |
| Respondent | ) | Courtroom # 4 |
| and | ) | 900 Market Street |
| WILLIAM C. MILLER | ) | Philadelphia, PA 19107 |
| Trustee | ) | |

## STIPULATION

COME NOW, this _____ day of _____, 2020, Debtor, Glenda Y. Chappelle, by and through her attorney, Joseph L. Quinn, Esquire, and Capital One Auto Finance, a division of Capital One, N.A. ("COAF") by and through its attorney, Jason Brett Schwartz, Esq., hereby stipulate the following terms of settlement of the Motion for Relief from Automatic Stay:

WHEREAS the Debtor owns a 2013 NISSAN Rogue Utility 4D S AWD I4, V.I.N. JN8AS5MV8DW636156 ("vehicle"); and

WHEREAS COAF has a lien on the vehicle; and

WHEREAS COAF filed a Motion for Relief from the Automatic Stay ("Motion") with respect to missed post-petition payments; and

WHEREAS the Debtor and COAF seek to resolve the Motion; it is hereby stipulated and agreed that:

1. The value of the 2013 NISSAN Rogue Utility 4D S AWD I4, V.I.N. JN8AS5MV8DW636156 is $14,779.56.

2. The value of the vehicle shall be paid through the Plan at 6.00% interest for sixty (60) months. The payments will total $17,143.82 and COAF shall have a total secured claim in that amount.

3. The balance of any claim shall be a general unsecured claim.

4. The Chapter 13 Trustee is directed to pay $200.00 per month to COAF for each month beginning with the commencement of the bankruptcy case. The payments shall continue until the start of regular trustee distributions to COAF.

5. This agreement is only binding upon the parties in this instant Chapter 13 case. If not paid in full within this instant Chapter 13 due to dismissal or conversion, this agreement is not binding upon the parties.

6. Debtor's counsel will file an Amended Plan within ten (10) days of the execution of this Stipulation reflecting these terms.

7. If Debtor shall fail to have a plan conforming to this Stipulation, and Debtor fail to cure said default within fifteen (15) days after notice by COAF (or its counsel) of said default, counsel for COAF may file a Certification of Default with the Court setting forth Debtor's default and COAF shall be granted relief from the automatic stay provisions of Sections 362 of the Bankruptcy Code (11 U.S.C. § 362), and COAF is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law without regard to any future conversion of this matter to a different form of bankruptcy.

8. A faxed signature shall be treated as an original signature for purposes of this Stipulation.

/s/ Jason Brett Schwartz
Jason Brett Schwartz, Esquire
Attorney for COAF
Mester & Schwartz, P.C.
1917 Brown Street
Philadelphia, PA 19130
(267) 909-9036
Dated: May 11, 2020

/s/ Joseph L. Quinn
Joseph L. Quinn, Esquire
Attorney for the Debtor
Ross, Quinn & Ploppert, P.C.
192 S. Hanover Street, Suite 101
Pottstown, PA 19464
(610) 323-5300
Dated: May 11, 2020

/s/ Jack Miller
William C. Miller, Esq.
Chapter 13 Trustee
P.O. Box 1229
Philadelphia, PA 19105
(215) 627-1377
Dated: May 11, 2020

\* no objection to its terms, without prejudice to any of our rights and remedies

SO ORDERED
BY THE COURT:

_____
Ashely M. Chan
U.S. Bankruptcy Judge